IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Jointly Administered |
| DELTA PETROLEUM CORPORATION, | ) | |
| *et al.,*[1] | ) | Case No. 11-14006 (KJC) |
| | ) | |
| Debtors. | ) | |
| | ) | Related to D.I. 759, 872 |

**ORDER GRANTING MISSIANA, LLC, BENEDICT CORPORATION, AND L.W. WICKES AGENT CORPORATION RELIEF FROM THE PLAN DISCHARGE INJUNCTION TO ALLOW STATE COURT ACTION TO LIQUIDATE CLAIMS AGAINST DEBTORS AND THEIR INSURERS**

Upon consideration of the Motion of Missiana, LLC, Benedict Corporation, and L.W. Wickes Agent Corporation ("Movants"), For Order Granting Relief From The Automatic Stay And Subsequent Discharge Injunction To Allow State Court Action to Liquidate Claims Against Debtors And Their Insurers, If Any, Or Alternatively For Abstention (the" Motion")[Doc. No. 759], in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to 11 U.S.C. §§ 362 and 524, to continue to fully litigate against Debtors, Delta Petroleum Corporation ("Delta") and Castle Exploration Company, Inc. ("Castle"), in the case known as *M. J. Farms, Ltd. v. Exxon Mobil Corporation et al.,* in the 7th Judicial District Court for the Parish of Catahoula, State of Louisiana, bearing Civil Action Number 24,055 Section "B", (the "State Court Action"); and it appearing that the notice of the Motion was good and sufficient upon the particular circumstances and that no other or further notice need be given; and the Court having considered

---

[1] Jointly Administered Chapter 11 cases: DPCA LLC, 11-14007-KJC; Delta Exploration Company, Inc., 11-14008-KJC; Delta Pipeline, LLC, 11-14009-KJC; DLC, Inc., 11-14010-KJC; CEC, Inc., 11-14011-KJC; Castle Texas Production LP, 11-14012-KJC and Amber Resources Company of Colorado, 11-14013-KJC.

the Motion and any responses filed thereto, and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

**ORDERED** that the Motion is granted as set forth herein; and it is further

**ORDERED** that the Discharge Injunction in the Chapter 11 Cases is modified as to Debtors, Delta and Castle, on the effective date of the Debtors' confirmed plan of reorganization ("Effective Date"), to permit all claims, cross-claims, third party claims, defenses, appeals and other forms and devices of litigation and recovery by Movants through final judgment or resolution, to liquidate the Movants' claims in the State Court Action; and it is further

**ORDERED** that the Discharge Injunction in the Chapter 11 Cases is modified, to the extent applicable, if at all, as to Delta's and Castle's insurers, if any, on the Effective Date, to permit Movants to join Delta's and Castle's insurers, if any, in the State Court Action as third party defendants and to permit all claims, cross-claims, third party claims, defenses, appeals and other forms and devices of litigation against said insurers and recovery by Movants through final judgment or resolution, and to recover and to collect from Delta's and Castle's insurers to the extent of available and applicable insurance coverage, if any, held by Delta and Castle or the proceeds thereof (the "Insurance Coverage"); and it is further

**ORDERED** that the Movants may pursue their claims relating to the State Court Action as general unsecured claims against the respective Debtors' estates, except to the extent that applicable laws provide that Movants' Claims for Indemnification arise post-petition, with any such prepetition Claims against the Debtors to be enforced in accordance with the Debtors' confirmed plan of reorganization; and it is further

**ORDERED** that notwithstanding anything to the contrary herein, the Discharge Injunction shall only be modified to allow the Movants to liquidate their Claims against

the Debtors' estates as provided herein, and to proceed against the Debtors' insurers, if any, and shall remain in full force and effect with respect to the Reorganized Debtors (as defined in the Plan) and it is further

**ORDERED** that nothing in this Order shall be deemed an admission of liability on the part of the Debtors or the Movants with respect to any claim asserted by the Movants, and nothing contained herein shall be deemed to be a waiver of the Debtors' right to object to any claim filed by the Movants in these Chapter 11 Cases; and it is further

**ORDERED** that this Order shall remain binding and effective in the event that any of the above-captioned jointly administered bankruptcy cases is converted to a case under any other chapter of title 11 of the United States Code; and it is further

**ORDERED** that Movants' right to re-notice the Motion in the event that the Effective Date does not occur within a reasonable time is hereby reserved; and it is further

**ORDERED** that this Court shall retain jurisdiction to resolve any disputes concerning the interpretation or enforcement of this Order.

Dated: _____Aug 10_____, 2012

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge