IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> DELTA PETROLEUM CORPORATION, et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 11-14006 (KJC) <br><br> (Jointly Administered) <br><br> **Related to D.I. 853** |

**ORDER AUTHORIZING DEBTOR DELTA PETROLEUM CORPORATION'S
ENTRY INTO SETTLEMENT AGREEMENTS
WITH ALLEN M. WALL, MONTE F. NELMS, DEBORAH NELMS,
AND ZEKE L. SIMMONS, GRANTING RELIEF FROM THE AUTOMATIC STAY,
AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Delta Petroleum Corporation ("Delta"), a debtor-in-possession in the above-captioned chapter 11 cases, for entry of an order (i) approving the Settlement Agreements attached hereto as **Exhibits "1"-"3"**, and (ii) modifying the automatic stay under section 362 of the Bankruptcy Code to enable the parties to effectuate the Settlement Agreements; and upon consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the hearing to consider the relief requested herein (the "Hearing") having been provided and no further notice being necessary; and the legal and factual bases set forth in

---

[1]. The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Delta Petroleum Corporation (0803), DPCA LLC (0803), Delta Exploration Company, Inc. (9462), Delta Pipeline, LLC (0803), DLC, Inc. (3989), CEC, Inc. (3154), Castle Texas Production Limited Partnership (6054), Amber Resources Company of Colorado (0506), and Castle Exploration Company, Inc. (9007). The Debtors' headquarters are located at: 370 17th Street, Suite 4300, Denver, Colorado 80202.

[2]. Capitalized terms used but not defined herein have the meanings given to them in the Motion.

the Motion establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of Delta, its estate, creditors, and all parties in interest; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and no objection to the Motion having been filed or made at the Hearing on the Motion; and upon all of the proceedings before the Court, the Court hereby ORDERS that:

1. The Motion is GRANTED to the extent provided herein.

2. The terms of the Settlement Agreements are fair and reasonable, reflect Delta's exercise of prudent business judgment consistent with its fiduciary duties, and were negotiated in good faith and at arm's length.

3. The Settlement Agreements attached hereto as **Exhibits "1"-"3"** are approved. The failure to specifically include any particular provision of the Settlement Agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court to approve the Settlement Agreements in their entirety.

4. The automatic stay provisions of section 362 of the Bankruptcy Code are modified solely to the extent necessary to enable the parties to effectuate the Settlement Agreements.

5. Delta and the Wall Litigants are hereby authorized to take all acts necessary to effectuate the Settlement Agreements and the transactions contemplated hereunder.

6. This Court shall retain jurisdiction to interpret any disputes arising from or relating to this Order or the Settlement Agreements.

Dated: Aug 15, 2012
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE